IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHIRLEY ANN SLAUGHTER                                                      PLAINTIFF

v.                                          NO. 15-2231

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Shirley Ann Slaughter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 14, 2013, alleging an inability to work since April 15, 2012, due to degenerative disc disease, a herniated disc, and anxiety.  (Doc. 10, pp. 70, 182, 186).  An administrative video hearing was held on December 19, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 34-67).

By written decision dated April 22, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10,

p. 22). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease and an anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional stooping and crouching. She is able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience, with several variables, and judgment within limits; and supervision required is little for routine but detailed for non-routine.

(Doc. 10, p. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a housekeeper/cleaner, a clerical worker, a poultry dresser, and a childcare worker. (Doc. 10, p. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 22, 2015. (Doc. 10, pp. 5-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.  Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to properly develop the evidence; 2) the ALJ failed to consider the evidence which fairly detracted from the findings; 3) the ALJ erred in determining Plaintiff's credibility; 4) the ALJ erred in determining Plaintiff's RFC; and 5) the ALJ erred in determining that Plaintiff could perform her past relevant work.[1]

#### A.  Full and Fair Development of the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

---

[1] The Court will combine the second and third issues raised.

Plaintiff argues that the record does not include RFC assessments, and that the ALJ should have obtained assessments from Plaintiff's treating physicians. The Court notes that a RFC assessment from a treating physician, although helpful, is not required. See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)(the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess residual functional capacity); Stormo v. Barnhart, 377 F.3d 801, 807–08 (8th Cir. 2004)(medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported residual functional capacity assessment).

In this case, the record consists of both mental and physical RFC assessments completed by Drs. Christal Janssen, David L. Hicks. James Wellons, and Dan Donahue, all non-examining medical consultants (Doc. 10, pp, 75-79, 102-106); a consultative mental evaluation; and Plaintiff's medical records. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### B.    Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an

5

ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff reported to Dr. Terry L. Efird in March of 2013, that she was able to drive unfamiliar routes, shop independently, perform most activities of daily living adequately, and visit her parents next door on most days. Plaintiff also completed a Function Report in May of 2013, wherein she indicated she was able to wake her children for school; to take care of her personal needs, although she sometimes needed help with pants and socks; to prepare simple meals; to do light household chores slowly throughout the day; to drive alone; to shop for groceries, and to spend time with her mother and sister. This level of activity belies Plaintiff's complaints of disabling pain and limitations and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application was supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

With respect to Plaintiff's alleged back and leg pain, the record revealed that Plaintiff was treated conservatively. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Thus, while Plaintiff may indeed have an injury in her

6

lower back and experience some degree of pain, the medical evidence indicates that her condition is not of a disabling nature. See Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997) (upholding ALJ's determination that claimant was not disabled even though she had in fact sustained a back injury and suffered some degree of pain); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993) (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled).

With regard to Plaintiff's alleged mental impairments, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Plaintiff argues that the ALJ also failed to adequately take in to account her complaints of significant drowsiness caused by her medication. A review of the medical evidence revealed that Plaintiff failed to report such side effects to her treating physician. Richmond v. Shalala, 23 F.3d 1441, 1443-1444 (8th Cir. 1994). The Court also notes Plaintiff denied experiencing fatigue and malaise numerous times at her follow-up appointments. (Doc. 10, pp. 329, 332, 335, 337, 340, 348, 350, 353, 355, 432).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record

further reveals that Plaintiff was able to find the funds to support her smoking habit throughout the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining

8

physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### D.    Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991).  Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1.  The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602,

604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work as a housekeeper/cleaner, a clerical worker, a poultry dresser, and a childcare worker as these jobs are actually and generally performed.

### IV.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 14th day of November, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE